IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, LLC., <br><br>    Plaintiff, <br><br> v. <br><br> BASS COMPUTERS, INC., et al., <br><br>    Defendants. | § § § § § § § § § § § § CASE NO. 2:10-cv-216-JRG |

# MEMORANDUM OPINION AND ORDER

## I.    Introduction

Before the Court is Plaintiff Lake Cherokee Hard Drive Technologies, LLC's ("Lake Cherokee") Motion for Leave to Amend its Infringement Contentions. (Dkt. No. 208.) After carefully considering the parties' written submissions and the arguments of counsel, the Court **GRANTS** Lake Cherokee's Motion.

## II.    Facts & Procedural Posture

Lake Cherokee brought this patent infringement lawsuit against multiple defendants for infringement of U.S. Patent No. 5,844,738 entitled "Synchronous Read Channel Employing a Sequence Detector with Programmable Detector Levels" (the '738 Patent) and U.S. Patent No. 5,978,162 entitled "Synchronous Read Channel Integrated Circuit Employing a Channel Quality Circuit for Calibration" (the '162 Patent). Pursuant to this Court's Docket Control Order, Lake Cherokee served its Infringement Contentions ("original contentions") on all Defendants on April 6, 2011. On April 22, 2011, Defendant Marvell Semiconductor, Inc. ("Marvell") wrote to

Lake Cherokee regarding the original contentions' "fail[ure] to comply with the Court's rules" because the contentions did not specifically identify where each element of each asserted claim is found for each accused instrumentality. (Dkt. No. 224.) Defendant LSI Corporation ("LSI") also wrote to Lake Cherokee, on May 3, 2011, to point out perceived deficiencies in the original contentions. *Id*.

In an attempt to limit their motion practice before the Court, Marvell, LSI and Lake Cherokee held several discussions via telephone and email during May and June 2011 relating to whether Lake Cherokee would amend its original contentions. The parties also discussed whether Marvell and LSI would agree to supplement their responses to Lake Cherokee's contention interrogatories, which were also alleged to be deficient. The parties did not reach an agreement on these issues.

In July 2011, Marvell and LSI produced several million pages of documents to Lake Cherokee relating to the accused products in this case. After this production, Lake Cherokee proposed to supplement its infringement contentions for one accused Marvell chip and one accused LSI chip. The parties agreed that Marvell and LSI would indicate to Lake Cherokee whether the supplemented infringement contentions for the exemplary chips were sufficient, and if so, Lake Cherokee committed to revise its infringement contentions for all of the remaining accused instrumentalities. In exchange for Lake Cherokee's supplementation, Marvell and LSI agreed to supplement their responses to certain contention interrogatories.

On September 15, 2011, Lake Cherokee served its first supplemental infringement contentions as to a single accused Marvell chip and a single accused LSI chip ("first supplemental contentions"). Concurrent with this service, Lake Cherokee inquired whether the first supplemental contentions would be acceptable to Marvell and LSI. Marvell responded via

2

email by committing to supplement its responses to Lake Cherokee's contention interrogatories (as previously agreed-to), but specifically noted that "Lake Cherokee should not interpret this agreement as conceding the sufficiency of Lake Cherokee's supplemental infringement contention chart with respect to the requirements of P.R. 3-1." (Dkt. No. 224, Ex. N.) The parties did not address the sufficiency of the first supplemental contentions any further.

In January of 2012, Lake Cherokee told Marvell and LSI that it would again supplement its infringement contentions for the remainder of the accused Marvell and LSI chips. These contentions ("second supplemental contentions") were served on February 6, 2012. Marvell responded on February 8, 2012 that Lake Cherokee's second supplemental contentions were "(1) untimely because Lake Cherokee had not fulfilled the condition precedent (*i.e.,* serving *sufficient* infringement contentions as to a single Marvell chip), (2) procedurally improper because Lake Cherokee failed to move the Court for leave to supplement, and (3) troubling in that Lake Cherokee waited until shortly after Marvell's Rule 30(b)(6) deposition on Lake Cherokee's infringement contentions to supplement these contentions, and had failed to alert Marvell that the deposition would be a waste of time and resources because Lake Cherokee was concurrently preparing yet more supplemental contentions." (Dkt. No. 224, at 10.) Marvell and LSI then both informed Lake Cherokee that they intended to move to strike the second supplemental contentions. *Id.* This prompted Lake Cherokee to file the Motion for Leave to Supplement Infringement Contentions which is now before the Court.

**III.  Analysis**

"Leave to amend is required when a plaintiff seeks to amend or supplement [infringement] contentions, and a plaintiff must show good cause" to do so. *EON Corp. v. T-Mobile USA*, No. 10-379, Dkt. No. 594 at 4 (E.D. Tex. Jan. 24, 2012); P.R. 3-6. In determining

whether good cause for amending contentions exists, the Court has broad discretion and considers four factors: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Alexsam, Inc. v. IDT Corp.,* No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011); citing *S & W Enters. L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003).

Here, the first factor, explanation for failure to meet the deadline, weighs against Lake Cherokee. Lake Cherokee conceded during oral argument that it should have either (1) clarified with Marvell whether the first supplemental contentions were sufficient or (2) served the supplemental contentions much sooner. Therefore, by Lake Cherokee's own admission, the first "good cause" factor does not weigh in favor of granting the requested leave.[1]

However, the three remaining "good cause" factors all weigh in Lake Cherokee's favor. With regard to the second factor, there is no doubt that the second supplemental contentions are important because Marvell and LSI have indicated their intention to move for summary judgment of non-infringement based on the first supplemental contentions. As to the third factor − prejudice − the only appreciable prejudice suffered by Marvell and LSI is that they have already taken a 30(b)(6) deposition based on the first supplemental contentions. Such minimal prejudice is readily curable and does not rise to a level that would weight against a finding of good cause.

The fourth factor also weighs in favor of Lake Cherokee's request because a continuance is not necessary to cure any prejudice. The *Markman* hearing occurred only a few weeks ago, trial is not set until August 2013, and the second supplemental contentions were served in

---

[1] During oral argument Marvell, too, admitted that it could have clarified its communications with Lake Cherokee regarding the sufficiency of the first supplemental contentions.

February of this year. Therefore, both Marvell and LSI have had – and still have – ample time to digest and analyze the second supplemental contentions. A continuance is not necessary and this final factor weighs in favor of finding good cause to allow Lake Cherokee to supplement its infringement contentions as requested.

## IV. Cure for Prior 30(b)(6) Deposition

To cure the limited prejudice created by the timing of the initial deposition of Lake Cherokee's 30(b)(6) witness, the Court Orders Lake Cherokee to make a knowledgeable witness available for a subsequent 30(b)(6) deposition with regard to the second supplemental contentions. Lake Cherokee shall be responsible for reimbursing the reasonable travel costs of Marvell's and LSI's counsel to take such deposition and shall bear the associated court reporter and videographer costs. Such subsequent 30(b)(6) deposition shall be conducted at a reasonable time and place as designated by Marvell and LSI.

## V. Future Requests to Amend Infringement Contentions

During oral argument on this Motion, Defendants inquired of the Court as to whether additional requests to allow Lake Cherokee to amend its infringement contentions, beyond those presently before the Court, would be permitted. Lake Cherokee made it clear it did not intend to seek additional leave of this type prior to trial. To memorialize this discussion and to clarify for all parties the Court's posture in this regard going forward, the Court believes that this Order affords Lake Cherokee reasonable relief but it also closes the door on any future need to further amend the infringement contentions in this case.

## VI. Conclusion

The Court finds that Lake Cherokee has established "good cause" to amend its infringement contentions under Local Patent Rule 3-6(b) according to the four-factor test.

Therefore, the Court **GRANTS** Lake Cherokee's Motion for Leave to Amend Its Infringement Contentions (Dkt. No. 208). In light of this ruling, the Court **DENIES WITHOUT PREJUDICE** Marvell's and LSI's letter briefs seeking leave to (1) request that the Court strike the second amended contentions and (2) move for partial summary judgment of non-infringement based on Lake Cherokee's existing infringement contentions. (Dkt. Nos. 213 and 220.) Marvell and LSI are entitled to file a letter brief requesting leave to file a motion for partial summary judgment of non-infringement based on the second amended contentions if they so choose.

**So ORDERED and SIGNED this 29th day of June, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE