**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LAKE CHEROKEE HARD DRIVE TECHNOLOGIES, L.L.C., | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:10-cv-216-JRG |
| v. | § § § | |
| Marvell Semiconductor, Inc., | § § | |
| Defendant. | § § § | |

**<u>ORDER</u>**

Before the Court are the following motions: Plaintiff Lake Cherokee Hard Drive Technologies, L.L.C. ("Lake Cherokee") and Defendant Marvell Semiconductor, Inc.'s ("Marvell") Agreed Motion Regarding Plaintiff's Exhibits 301-494, filed July 19, 2013 (Dkt. No. 373); Marvell's Motion for Partial Summary Judgment to Limit the Scope of Lake Cherokee's Asserted Damages Base, filed May 14, 2013 (Dkt. No. 330); Marvell's Request for Hearing on its Royalty Base Summary Judgment Motion, or, In the Alternative, Motion for Bench Trial, filed July 15, 2013 (Dkt. No. 368); Marvell's Daubert Motion of Lake Cherokee Expert Robert Mills, filed May 14, 2013 (Dkt. No. 336); Lake Cherokee's Motion to Exclude Certain Opinions and Testimony of Keith Ugone, filed May 15, 2013 (Dkt. No. 339); Lake Cherokee's Motion to Strike Opinions and Testimony of Dr. Richard Blahut, filed May 15, 2013 (Dkt . No. 340); and Lake Cherokee's Motions in Limine, filed July 11, 2013 (Dkt. No. 365). The Court heard argument on these motions during the pretrial hearing held on July 30, 2013. Any clarification and/or modification to such motions, as stated by the Court during such hearing, fully applies to the

rulings as stated below, and such rulings do not exclude any clarification and/or modification as stated in the record.

The Court's ruling on a motion *in limine* is not a definitive ruling on the admissibility of evidence. An order granting a motion *in limine* is an order requiring the offering party to approach the bench and seek leave from the Court prior to mentioning to the jury the matter covered by the order. Conversely, an order denying a motion does not relieve a party from making an objection at trial.

In light of this order, the parties are **ORDERED** to meet-and-confer as to exhibits in dispute. The parties shall submit a joint notice of outstanding exhibit objections no later than August 5, 2013 by 5 p.m. If the same issue underlies multiple exhibits, this should be disclosed to the Court in the joint notice. Such joint notice shall be filed in chart format and include a <u>brief</u> explanation of each party's objection and response for each disputed exhibit or group of exhibits.

The Court further **ORDERS** as follows:

The parties' Agreed Motion Regarding Plaintiff's Exhibits 301-494 (Dkt. No. 373) is **GRANTED**.

Marvell's Motion for Partial Summary Judgment to Limit the Scope of Lake Cherokee's Asserted Damages Base (Dkt. No. 330) is **GRANTED-IN-PART** and **DENIED-IN-PART** as pronounced by the Court at the pretrial hearing and in a separate opinion to be entered.

Marvell's Request for Hearing on its Royalty Base Summary Judgment Motion, or, In the Alternative, Motion for Bench Trial (Dkt. No. 368) is **DENIED**.

Marvell's Daubert Motion of Lake Cherokee Expert Robert Mills (Dkt. No. 336) is **DENIED**.

Lake Cherokee's Motion to Exclude Certain Opinions and Testimony of Keith Ugone (Dkt. No. 339) is **DENIED**.

Lake Cherokee's Motion to Strike Opinions and Testimony of Dr. Richard Blahut (Dkt. No. 340) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The following portions of Dr. Blahut's export report are hereby **STRICKEN**:

- new contention in paragraph 132 that "sequence detectors instead conduct sequence detection on the output of FIR filters" and related new contentions in paragraphs 133-134;
- new contention in paragraph 165 that "The microcontroller . . . is not part of the read channel," new contention in paragraph 167 that "the microcontroller is not a part of the read channel as required by the recited channel quality circuit," and related new contentions in paragraphs 168-172; and
- new non-infringing alternatives identified in paragraphs 191-194.

Lake Cherokee's request to strike Dr. Blahut's contention in paragraph 132 that "these sequence detectors do not detect the binary data from the raw sample values" is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 1 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 2 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 3 is **GRANTED**.

Lake Cherokee's Motion *in Limine* No. 4 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 5 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 6 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 7 is **DENIED**.

Lake Cherokee's Motion *in Limine* No. 8 is **GRANTED**.

Lake Cherokee's Motion *in Limine* No. 9 is **GRANTED**.

Lake Cherokee's Motion *in Limine* No. 10 is **CARRIED**.

Lake Cherokee's Motion *in Limine* No. 11 is **GRANTED**.

Lake Cherokee's Motion *in Limine* No. 12 is **DENIED**.

**So Ordered and Signed on this**

**Jul 31, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE